UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GARY MOTON,

              Plaintiff,

  - against -

DETECTIVE FRANK FELICIANO, Shield No.
2594, P.O. ANGEL DALIZ, P.O. "JOHN"
CARROLL, P.O. "JOHN DOE" Nos. 1-12, and
THE CITY OF NEW YORK,

              Defendants.
------------------------------------------------------------X

07 CV 7581 (DLC)

COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiff, GARY MOTON, by his attorney, ALAN D. LEVINE, ESQ., as and for his complaint herein, hereby alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

      4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, both compensatory and punitive, as well as attorney's fees, for false arrest and imprisonment; battery; malicious prosecution; and negligent screening, hiring, training, supervising and retaining of police officers.

## VENUE

      5.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.  Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7.  At all times relevant hereto, plaintiff, GARY MOTON, was and is a natural person, presently resident in the County of Bronx, City and State of New York.

8.  At all times relevant hereto, defendant DETECTIVE FRANK FELICIANO, Shield No. 2594 (hereinafter "FELICIANO") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

9.  At all times relevant hereto, defendant P.O. ANGEL DALIZ (hereinafter "DALIZ") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. "JOHN" CARROLL (hereinafter "CARROLL") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendants P.O. "JOHN DOE" Nos. 1-12 were and are natural persons, employed as police officers by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. Defendants FELICIANO, DALIZ, CARROLL, and P.O. "JOHN DOE" No. 1-12, are sued in their individual capacities as well as in their capacities as employees of

defendant CITY.

14. On or about June 21, 2006, this date being within ninety (90) days after certain of the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

15. On or about October 11, 2006, this date being within ninety (90) days after the claim for malicious prosecution herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York an amended verified written notice of claim setting forth the time, place, nature and manner in which said claim arose

16. More than thirty (30) days have elapsed since the aforesaid verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

17. This action is commenced within one year and ninety days from the date the causes of action herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS (42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" hereinabove as if more fully set forth at length herein.

19. On or about May 31, 2006, between approximately 10:00 A.M. and 11:00 A.M., plaintiff was lawfully operating a motor vehicle at or near the intersection of Lenox Avenue and West 110th Street, in the County, City and State of New York. At the

aforesaid time and place, plaintiff was stopped for a red traffic signal at the aforementioned intersection.

20. Glancing at his right side-view mirror, plaintiff saw a male, dressed in plainclothes, approaching his vehicle on the passenger side, in a crouched position. Upon information and belief, the aforementioned plainclothed male was defendant DALIZ.

21. At the aforementioned time and place, plaintiff's driver side window was open.

22. Without any warning whatsoever, another plainclothed male, upon information and belief defendant CARROLL, reached through the aforementioned driver's side window and placed his left arm around plaintiff's neck.

23. Plaintiff immediately stepped on his vehicle's accelerator, made a left turn and drove for approximately one block.

24. Near the intersection of Fifth Avenue and 110th Street, plaintiff brought his vehicle to a stop near the curb, exited it and looked back toward the location where he had just been assaulted.

25. Almost immediately after he had exited his vehicle, plaintiff observed a gray, unmarked van pull up close to him.

26. All the individual defendants in this action, upon information and belief commanded by defendant FELICIANO, ran out of the aforementioned gray van towards plaintiff.

27. Upon seeing the individual defendants running towards him, plaintiff immediately turned his back to the defendants, raised his hands above his head and placed his hands on a fence.

28. Despite his offering no resistance, plaintiff was tackled by one or more of the individual defendants, causing him to fall to the ground.

29. Once plaintiff was on the ground, one or more of the individual defendants stomped on his head.

30. One of the individual defendants cursed at plaintiff and demanded to know why he had driven away from the intersection of Lenox Avenue and West 110th Street.

31. Plaintiff replied, "I didn't see a badge. I would have stopped."

32. One of the individual defendants twisted plaintiff's left arm while another of the individual defendants repeatedly struck plaintiff's left elbow.

33. Another of the individual defendants repeatedly kicked plaintiff.

34. Plaintiff was rear-handcuffed and was pulled partially up off the ground to his knees by one or more individual defendants, who were pulling on both his shirt collar and the aforementioned handcuffs.

35. Plaintiff was ordered to get up.

36. Plaintiff replied that he could not get up off his knees while his hands were cuffed behind him.

37. At this moment, one of the individual defendants, described as a white male with light-colored spiky hair, punched plaintiff eight to ten times over his right eye and in his head and face.

38. As a result of the aforementioned punches, plaintiff became even less able to stand up than he had been previously. Consequently, he was kicked again by at least one individual defendant.

39. Finally, one of the individual defendants picked plaintiff up and put him in the aforementioned gray van.

40. The aforementioned handcuffs were now readjusted in such a manner that plaintiff's right leg was draped over one of them, thereby putting extreme and painful pressure on plaintiff's right arm.

41. Rather than being taken directly to a stationhouse, plaintiff was driven around, left in the position described hereinabove, for approximately two hours as the gray van was filled up with other arrestees.

42. Upon information and belief, all of the aforementioned officers were assigned to Narcotics Borough Manhattan North.

43. Plaintiff was taken to a stationhouse.

44. Once in the stationhouse, plaintiff asked one or more of the individual defendants for medical attention, an opportunity to make a telephone call and water.

45. Rather than being given medical attention, a telephone call, or any water to drink, one or more of the individual defendants cursed at plaintiff and denied him all of his requests.

46. Plaintiff was confined to a cell where, approximately ninety minutes after being placed therein, he lost consciousness as a result of the aforementioned blows and kicks to his head and body.

47. As a result of his having lost consciousness, plaintiff was transported to St. Luke's Hospital.

48. Following his treatment at St. Luke's Hospital, plaintiff was taken to Manhattan Central Booking.

49. During his incarceration at Manhattan Central Booking, he was removed and taken to Bellevue Hospital and then returned to Manhattan Central Booking.

50. Plaintiff appeared before a judge of the Criminal Court of the City of New York, County of New York on June 2, 2006.

51. Plaintiff was falsely and maliciously charged with four counts of assault in the third degree, one count of resisting arrest, one count of reckless endangerment in the second degree, one count of driving while impaired by drugs, one count of reckless driving, three counts of attempted assault in the third degree, one count of criminal possession of marijuana in the fifth degree, one count of operating a motor vehicle while impaired, three counts of harassment in the second degree, one count of unlawful possession of marijuana, and one count of disorderly conduct.

52. Bail of $1,500.00 was set.

53. Because plaintiff could not immediately pay the aforementioned bail, he was removed to the Anna M. Kross Center on Rikers Island, County of Bronx, City and State of New York, where he remained until he was bailed out on June 5, 2006.

54. On or about September 7, 2006, all the aforementioned charges against plaintiff were dismissed and sealed in the Criminal Court of the City of New York, County of New York.

55. The individual defendants violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, brutally and severely beat him and humiliated him, falsely placed him under arrest, falsely imprisoned him and maliciously prosecuted him.

56. Because of the aforesaid acts committed by the individual defendants, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur legal and medical expenses and was deprived of certain items of his personal property.

57. By reason of the unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants .

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(Battery)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" hereinabove as if more fully set forth at length herein.

59. On or about May 31, 2006, between approximately 10:00 A.M. and 11:00 A.M., at or near the intersection of Fifth Avenue and 110th Street in the County, City and State of New York, the individual defendants, without probable cause, offensively

touched plaintiff by stomping him, punching him, kicking him, and handcuffing him in such a manner as to cause injury and excruciating pain.

60. The aforesaid force used by the individual defendants was not reasonable under the circumstances.

61. At the aforesaid time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

62. By reason of the aforesaid battery, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur legal and medical expenses and was deprived of certain items of his personal property.

63. As a result of the aforementioned battery committed upon him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(False Arrest and False Imprisonment)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" hereinabove as if more fully set forth at length herein.

65. On or about May 31, 2006, between approximately 10:00 A.M. and 11:00 A.M., at or near the intersection of Fifth Avenue and 110th Street in the County, City and State of New York, the individual defendants, without probable cause, forcibly, wrongfully, and unlawfully arrested plaintiff and, against plaintiff's own free will, caused him to be incarcerated for six days.

66. Defendant FELICIANO, with the assistance of defendants DALIZ and CARROLL, falsely, maliciously, wrongfully, unlawfully, and illegally accused plaintiff of having committed four counts of assault in the third degree, one count of resisting arrest, one count of reckless endangerment in the second degree, one count of driving while impaired by drugs, one count of reckless driving, three counts of attempted assault in the third degree, one count of criminal possession of marijuana in the fifth degree, one count of operating a motor vehicle while impaired, three counts of harassment in the second degree, one count of unlawful possession of marijuana, and one count of disorderly conduct.

67. Plaintiff was falsely, maliciously, wrongfully, unlawfully, and illegally kept in confinement at a New York City Police Department stationhouse, Manhattan Central Booking, St. Luke's Hospital, Bellevue Hospital Center, and the Anna M. Kross Center for approximately six days and, during his incarceration at the aforementioned stationhouse, was wrongfully, unlawfully, illegally, purposely, and maliciously deprived of proper medical care.

68. At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK

69. By reason of the false arrest and false imprisonment committed against him by the individual defendants while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur legal and medical expenses and was deprived of certain items of his personal property.

70. As a result of the aforesaid acts of false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FELICIANO AND THE CITY OF NEW YORK
(Malicious Prosecution)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" hereinabove as if more fully set forth at length herein.

72. On or about June 1, 2006, defendant FELICIANO maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously arresting him and charging him with four counts of assault in the third degree, one count of resisting arrest, one count of reckless endangerment in the second

degree, one count of driving while impaired by drugs, one count of reckless driving, three counts of attempted assault in the third degree, one count of criminal possession of marijuana in the fifth degree, one count of operating a motor vehicle while impaired, three counts of harassment in the second degree, one count of unlawful possession of marijuana, and one count of disorderly conduct.

73. Defendant FELICIANO was without probable cause to arrest the plaintiff for the aforementioned offenses that he charged him with.

74. On or about September 7, 2006, all charges against plaintiff were dismissed in the Criminal Court of the City of New York, County of New York.

75. At the time that defendant FELICIANO falsely and maliciously caused the aforesaid prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

76. By reason of the aforesaid malicious prosecution committed against him by defendant FELICIANO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur legal and medical expenses and was deprived of certain items of his personal property.

77. As a result of the aforesaid act of malicious prosecution committed against him by defendant FELICIANO, while he were acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One

Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant FELICIANO.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST THE CITY OF NEW YORK
### (Negligence)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "77" hereinabove as if more fully set forth at length herein.

79. Commencing on or about May 31, 2006, between approximately 10:00 A.M. and 11:00 A.M., at or near the intersection of Fifth Avenue and 110th Street in the County, City and State of New York, the individual defendants, without any probable cause whatsoever, brutally and severely beat and humiliated plaintiff, falsely placed him under arrest, falsely imprisoned him and maliciously prosecuted him.

80. At the aforesaid time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

81. The aforesaid wrongful acts committed by the individual defendants were a direct result of the recklessness, carelessness and negligence of defendant CITY OF NEW YORK in screening, hiring, training, supervising and retaining the individual defendants as employees of its Police Department.

82. As a result of the aforesaid recklessness, carelessness and negligence of defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur legal and medical expenses and was deprived of certain items of his personal property.

83. As a result of the aforementioned recklessness, carelessness and negligence of defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff, GARY MOTON, demands judgment against defendants DETECTIVE FRANK FELICIANO, Shield No. 2594, P.O. ANGEL DALIZ, P.O. "JOHN" CARROLL, P.O. "JOHN DOE" Nos. 1-12, and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

THIRD CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

FOURTH CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the defendant FELICIANO;

FIFTH CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
August 24, 2007

*Alan D. L.*
_____
ALAN D. LEVINE (AL 3634)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File No. 2039