UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GARY MOTON,

                                        Plaintiff,

                    -against-

DETECTIVE FRANK FELICIANO, Shield No.
2594, P.O. ANGEL DALIZ, P.O. "JOHN"
CARROLL, P.O. "JOHN DOE" Nos. 1-12, and
THE CITY OF NEW YORK,

                                        Defendants.
------------------------------------------------------------------------x

**ANSWER TO
COMPLAINT ON
BEHALF OF DEFENDANT
CITY OF NEW YORK**

07 CV 7581 (DLC)

JURY TRIAL DEMANDED

Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon

information and belief, as follows:

1.       Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to proceed as stated therein.

2.       Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to proceed as stated therein.

3.       Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.       Denies the allegations set forth in paragraph "4" of the complaint, except

admits that plaintiff purports to invoke the supplemental jurisdiction of the Court and proceed as

stated therein.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Frank Feliciano",
"Angel Daliz" and "John Carroll" have not been served with a copy of the Summons and Complaint or requested
representation from the office of Corporation Counsel.

5.    Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6.    Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to demand a trial by jury as stated therein.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Denies the allegations set forth in paragraph "8" of the complaint, except admits that Frank Feliciano was employed by the City of New York as a police officer.

9.    Denies the allegations set forth in paragraph "9" of the complaint, except admits that Angel Daliz was employed by the City of New York as a police officer.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Denies the allegations set forth in paragraph "12" of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York.

13.    Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff purports to sue the individually named defendants in both their individual and official capacities as stated therein.

14.    Denies the allegations set forth in paragraph "14" of the complaint, except admits that a document purporting to be a Notice of Claim on behalf of plaintiff was received by the Office of the Comptroller on or about June 21, 2006.

15.    Denies the allegations set forth in paragraph "15" of the complaint, except admits that a document purporting to be an Amended Notice of Claim on behalf of plaintiff was received by the Office of the Comptroller on or about October 11, 2006.

16.    Denies the allegations set forth in paragraph "16" of the complaint, except admits that the purported claim has not been paid.

17.    Denies the allegations set forth in paragraph "17" of the complaint, except admits that the complaint was filed with the Court on or about August 27, 2007.

18.    In response to the allegations set forth in paragraph "18" of the complaint, defendant repeats and realleges paragraphs "1" through "17" of this answer as if fully set forth herein.

19.    Denies the allegations set forth in paragraph "19" of the complaint.

20.    Denies the allegations set forth in paragraph "20" of the complaint.

21.    Denies the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff's window was open.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff fled a lawful stop by police.

24.    Denies the allegations set forth in paragraph "24" of the complaint.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    Denies the allegations set forth in paragraph "30" of the complaint.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Denies the allegations set forth in paragraph "32" of the complaint.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint, except admits that plaintiff was arrested on May 31, 2006 and rear handcuffed.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint.

40.    Denies the allegations set forth in paragraph "40" of the complaint.

41.    Denies the allegations set forth in paragraph "41" of the complaint.

42.    Denies the allegations set forth in paragraph "42" of the complaint, except admits that Frank Feliciano was assigned to Narcotics Borough Manhattan and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the assignment of Angel Daliz and the other unidentified officers.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.    Denies the allegations set forth in paragraph "45" of the complaint.

46.      Denies the allegations set forth in paragraph "46" of the complaint.

47.      Denies the allegations set forth in paragraph "47" of the complaint.

48.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.      Denies the allegations set forth in paragraph "50" of the complaint.

51.      Denies the allegations set forth in paragraph "51" of the complaint.

52.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.      Denies the allegations set forth in paragraph "54" of the complaint, except admits that on September 7, 2006 the charges against plaintiff arising from his May 31, 2006 arrest were dismissed.

55.      Denies the allegations set forth in paragraph "55" of the complaint.

56.      Denies the allegations set forth in paragraph "56" of the complaint.

57.      Denies the allegations set forth in paragraph "57" of the complaint.

58.      In response to the allegations set forth in paragraph "58" of the complaint, defendant repeats and realleges paragraphs "1" through "57" of this answer as if fully set forth herein.

59.      Denies the allegations set forth in paragraph "59" of the complaint.

60.      Denies the allegations set forth in paragraph "60" of the complaint.

61.     Denies the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

64.     In response to the allegations set forth in paragraph "64" of the complaint, defendant repeats and realleges paragraphs "1" through "63" of this answer as if fully set forth herein.

65.     Denies the allegations set forth in paragraph "65" of the complaint.

66.     Denies the allegations set forth in paragraph "66" of the complaint.

67.     Denies the allegations set forth in paragraph "67" of the complaint.

68.     Denies the allegations set forth in paragraph "68" of the complaint.

69.     Denies the allegations set forth in paragraph "69" of the complaint.

70.     Denies the allegations set forth in paragraph "70" of the complaint.

71.     In response to the allegations set forth in paragraph "71" of the complaint, defendant repeats and realleges paragraphs "1" through "70" of this answer as if fully set forth herein.

72.     Denies the allegations set forth in paragraph "72" of the complaint.

73.     Denies the allegations set forth in paragraph "73" of the complaint.

74.     Denies the allegations set forth in paragraph "74" of the complaint, except admits that on September 7, 2006 the charges arising from plaintiff's May 31, 2006 arrest were dismissed.

75.     Denies the allegations set forth in paragraph "75" of the complaint.

76.     Denies the allegations set forth in paragraph "76" of the complaint.

77.     Denies the allegations set forth in paragraph "77" of the complaint.

78.     In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges paragraphs "1" through "77" of this answer as if fully set forth herein.

79.     Denies the allegations set forth in paragraph "79" of the complaint.

80.     Denies the allegations set forth in paragraph "80" of the complaint.

81.     Denies the allegations set forth in paragraph "81" of the complaint.

82.     Denies the allegations set forth in paragraph "82" of the complaint.

83.     Denies the allegations set forth in paragraph "83" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

84.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

85.     Defendant City New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

86.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

87.     Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

88.     Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

89.     To the extent plaintiff asserts state law claims against defendant, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90.     Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

92.     At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials acted reasonably in the proper and lawful exercise of their discretion.  As a result, defendant City is entitled to governmental immunity from liability.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

93.     The actions of any police officers were justified by reasonable suspicion and/or probable cause.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

95.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE,** defendant City of New York requests judgment dismissing the

Complaint, as against it with the costs and disbursements of this action, and such other and

further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 24, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendant City of New York.
                        100 Church Street, Rm. 3-221
                        New York, New York 10007
                        (212) 442-8600

                        By:  _____
                             Sabrina Tann (ST 2552)
                             Assistant Corporation Counsel
                             Special Federal Litigation


To:    Alan Levine, Esq.
       Attorney for Plaintiff
       80-02 Kew Gardens Road
       Suite 1010
       Kew Gardens, New York 11415
       (By ECF)

Docket No. 07 CV 7581 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY MOTON,

Plaintiff,

-against-

DETECTIVE FRANK FELICIANO, Shield No.
2594, P.O. ANGEL DALIZ, P.O. "JOHN"
CARROLL, P.O. "JOHN DOE" Nos. 1-12, and
THE CITY OF NEW YORK,

Defendants.

**ANSWER TO COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10008*

*Of Counsel:  Sabrina Tann*
*Tel:  (212) 442-8600*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .........................................,2008*

*.................................................................. Esq.*

*Attorney for .........................................................*