UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GARY MOTON,

                      Plaintiff,

        -against-

DETECTIVE FRANK FELICIANO, Shield No.
2594, P.O. ANGEL DALIZ, P.O. "JOHN"
CARROLL, P.O. "JOHN DOE" Nos. 1-12, and
THE CITY OF NEW YORK,

                      Defendants.

------------------------------------------------------------------x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS FRANK FELICIANO, ANGEL DALIZ AND JEFFERY CARROLL**

07 CV 7581 (DLC) (DCF)

JURY TRIAL DEMANDED

        Defendants FRANK FELICIANO, ANGEL DALIZ and JEFFERY CARROLL, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court and proceed as stated therein.

- 2 -

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to demand a trial by jury as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Frank Feliciano is employed by the City of New York as a police officer.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Angel Daliz is employed by the City of New York as a police officer.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Jeffery Carroll is employed by the City of New York as a police officer.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to sue the individually named defendants in both their individual and official capacities as stated therein.

---

[1] Defendant City of New York filed its answer to the complaint with the Court on January 24, 2008.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a Notice of Claim on behalf of plaintiff was received by the Office of the Comptroller on or about June 21, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that a document purporting to be an Amended Notice of Claim on behalf of plaintiff was received by the Office of the Comptroller on or about October 11, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that the purported claim has not been paid.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that the complaint was filed with the Court on or about August 27, 2007.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege paragraphs "1" through "17" of this answer as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff fled a lawful stop by police.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff was arrested on May 31, 2006 and rear handcuffed.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that Frank Feliciano, Angel Daliz and John Carroll were assigned to the 23rd Module of the Manhattan North Narcotics Borough and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the assignment of the other unidentified officers.

43. Deny the allegations set forth in paragraph "43" of the complaint, except admit that plaintiff was transported an offsite Narcotics hub site.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint, except admit that on September 7, 2006 the criminal charges against plaintiffs were dismissed.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege paragraphs "1" through "57" of this answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. The allegations set forth in paragraph "61" of the complaint constitute conclusions of law rather than averments of fact and accordingly, no response is required.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege paragraphs "1" through "63" of this answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. The allegations set forth in paragraph "68" of the complaint constitute conclusions of law rather than averments of fact and accordingly, no response is required. To the extent that a response is required, defendants deny the allegations set forth therein.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege paragraphs "1" through "70" of this answer as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint, except admit that on September 7, 2006 the criminal charges against plaintiff were dismissed.

75. The allegations set forth in paragraph "75" of the complaint constitute conclusions of law rather than averments of fact and accordingly, no response is required. To the extent that a response is required, defendants deny the allegations set forth therein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege paragraphs "1" through "77" of this answer as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. The allegations set forth in paragraph "80" of the complaint constitute conclusions of law rather than averments of fact and accordingly, no response is required.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

84. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

85. Defendants Feliciano, Daliz and Carroll have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

86. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants Feliciano, Daliz and Carroll.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

87. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with conditions precedent to suit.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

88. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

89. The actions of any police officers involved were justified by probable cause and/or reasonable suspicion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

90. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

91. Defendants Feliciano, Daliz and Carroll have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR NINTH AFFIRMATIVE DEFENSE:**

92. At all times relevant to the acts alleged in the complaint, defendants Feliciano, Daliz and Carroll acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

93.     Plaintiff's claims may be barred in part by the applicable period of limitations.

**WHEREFORE,** defendants Frank Feliciano, Angel Daliz and Jeffery Carroll, request judgment dismissing the complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 12, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendants Frank Feliciano, Angel
                                    Daliz and Jeffery Carroll
                                    100 Church Street, Rm. 3-221
                                    New York, New York 10007
                                    (212) 442-8600

                            By:     _____
                                    Sabrina Tann (ST 2552)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation


To:   Alan Levine, Esq.
      Attorney for Plaintiff
      80-02 Kew Gardens Road
      Suite 1010
      Kew Gardens, New York 11415
      (By ECF)

Docket No. 07 CV 7581 (DLC) (DCF)

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|
| GARY MOTON,<br><br>            Plaintiff,<br><br>      -against-<br><br>DETECTIVE FRANK FELICIANO, Shield No. 2594, P.O. ANGEL DALIZ, P.O. "JOHN" CARROLL, P.O. "JOHN DOE" Nos. 1-12, and THE CITY OF NEW YORK,<br><br>            Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS FRANK FELICIANO, ANGEL DALIZ AND JEFFERY CARROLL** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants Frank Feliciano, Angel Daliz and Jeffery Carroll*<br>*100 Church Street*<br>*New York, N.Y. 10008*<br><br>*Of Counsel: Sabrina Tann*<br>*Tel: (212) 442-8600* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................................... ,2008*<br><br>*.................................................................... Esq.*<br><br>*Attorney for ........................................................* |

## DECLARATION OF SERVICE

**KATHERINE E. SMITH** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On March 13, 2008, I caused to be served the annexed **ANSWER TO COMPLAINT** upon the following plaintiff's counsel by ECF. On March 14, 2008, I caused to be served the annexed **ANSWER TO COMPLAINT** upon the following plaintiff's counsel by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to plaintiff's counsel at the address set forth below, being plaintiff's counsel's business address:

Alan Levine, Esq.
80-02 Kew Gardens Road
Suite 1010
Kew Gardens, New York 11415


Dated:       New York, New York
             March 13, 2008

                                                    _____
                                                    Katherine E. Smith