

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

CARYN ROSENCRANTZ
Phone: (212) 788-1276
Fax: (212) 788-9776
crosencr@law.nyc.gov

July 9, 2008

**BY HAND DELIVERY**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

**MEMO ENDORSED**

Re:   Gary Moton v. Frank Feliciano et al., 07 CV 7581 (DLC) (DCF)

Your Honor:

      As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write to join in plaintiff's application dated July 9, 2008 to extend discovery and also to respectfully request that the Court grant the parties a ninety (90) day enlargement of discovery from July 25, 2008 to October 25, 2008 for the reasons set forth below.[1]

      As Your Honor may recall, plaintiff alleges, *inter alia*, that defendants used excessive force against him on May 31, 2006, which allegedly resulted in a fracture through his zygomatic arch, a fracture to his posterior humeral ulnar joint, a facial laceration requiring suturing and swelling of his left testicle. Defendants require an enlargement of time as plaintiff has only recently furnished this office with his complete medical records and releases. Specifically, plaintiff only furnished all of the requisite medical releases for treatment underlying the incident on June 30, 2008. As such, an enlargement of discovery will allow defendants to independently obtain and review the medical records prior to plaintiff's deposition. Defendants require all of plaintiff's medical records prior to conducting plaintiff's deposition as it will afford

---

[1] This case has been assigned to Assistant Corporation Counsel Katherine E. Smith, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Smith may be reached directly at (212) 513-0462.

us the opportunity to take a full and complete deposition in one sitting. Moreover, without plaintiff's complete medical records, defendants are unable to properly evaluate this action for settlement before expending the cost to depose plaintiff. In our experience, it generally takes thirty (30) days for the medical providers to produce documents after receiving the duly executed releases.

Furthermore, plaintiff only responded to defendants' interrogatories and document requests on July 2, 2008, despite the fact that defendants' requests were served upon plaintiff on January 28, 2008. An enlargement of discovery will further allow defendants to process the releases for other relevant records concerning plaintiff's purported injuries and damages which were demanded of plaintiff in response to defendants' discovery demands and prior to taking plaintiff's deposition.[2]

In sum, because of the delay in receiving all of the requisite underlying documents, defendants are not in a position to take a thorough and well-informed deposition of plaintiff or properly investigate the allegations set forth in the complaint. Accordingly, defendants respectfully request that the Court enlarge the parties' time to complete discovery for ninety (90) days from July 25, 2008 to and including October 24, 2008.

I thank Your Honor for considering this request.

Respectfully submitted,

Caryn Rosencrantz (3477)
Senior Counsel
Special Federal Litigation Division

cc: Alan D. Levine, Esq.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, NY 11415
(By Facsimile)

*[Handwritten note: The burden is on counsel to be diligent, which includes promptly raising an opponent's failure to participate in discovery. The pretrial order date of November 21, 2008 shall not change. If counsel agree, they may extend the time for discovery beyond August 22. /s/ Denise Cote — July 10, 2008]*

---

[2] For example, in an effort to examine the nature, extent and causation of plaintiff's purported injuries and damages, defendants requested that plaintiff execute releases for his employment records, unemployment records and insurance carrier reeords.